UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBIN SHARP, as Guardian <u>Ad</u> <u>Litem</u>,
for A.G., an Infant

                    Plaintiff,

          v.                                    09-CV-6452

                                                **DECISION**
TOWN OF GREECE, TOWN OF GREECE                  **and ORDER**
POLICE DEPARTMENT, MERRITT RAHN,
WILLIAM MACKIN, BRIAN BALL, STEPHEN
WISE, ROBERT TROWBRIDGE, ANDREW ELMORE,
BRIAN WHITE, THOMAS SCHAMERHORN,
GARY PIGNATO, NICHOLAS JOSEPH and
DAVID JOSEPH,

                    Defendants.
_____

## **INTRODUCTION**

     Plaintiff, Robin Sharp, the maternal grandmother and Guardian

Ad Litem for A.G., an infant brings this action for damages against

13 separate defendants alleging conspiracy, various violations of

constitutionally protected rights, and state law causes of action

as the result of an automobile accident on Interstate 390 in the

Town of Greece, New York on June 7, 2008.   According to the

Complaint, Alexis J. Sharp, A.G.'s mother, was driving her

automobile when it became disabled and she brought it to a stop on

the shoulder of Interstate 390.  Her vehicle was struck from behind

by an automobile being driven by Nicholas Joseph, an off-duty Town

of Greece police officer, who was under the influence of alcohol

and drugs and left the scene of the accident.   The plaintiff

alleges various causes of action for damages under federal and

state law claiming that the defendants deliberately failed to

investigate the accident and engaged in a cover-up to protect Nicholas Joseph.

The defendants now move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") to dismiss all Federal claims, and also request that this Court decline to exercise supplemental jurisdiction over plaintiff's state law claims. For the reasons that follow, defendants' motions are granted in part and denied in part.

## THE COMPLAINT

Plaintiff alleges four federal causes of action against various defendants. For ease of reference, I have categorized the defendants in the following manner. The Town of Greece, as a municipal body, is separately identified throughout this Decision and Order as the "Town." The Town of Greece Police Department is simply referred to by name. Merritt Rahn, William Mackin, Brian Ball, Stephen Wise, Robert Trowbridge, Andrew Elmore, Brian White, Thomas Schamerhorn, and Gary Pignato, all members of the Town of Greece Police Department, are collectively referred to as the "Police defendants," or individually by last name. Finally, Nicholas Joseph and David Joseph are referred to as the "Joseph Brothers" or by name.

First, plaintiff alleges that actions of the Town, the Town of Greece Police Department, and the Police defendants facilitated Nicholas Joseph's dangerous conduct, thus constituting a "state-

created danger" in violation of plaintiff's right to substantive due process. Second, plaintiff claims that the Town of Greece Police Department and the Police defendants denied her access to the courts by hindering important aspects of the accident investigation concerning Nicholas Joseph's conduct, thereby materially undermining plaintiff's state law claims. Third, the Complaint alleges that the Town of Greece Police Department, the Police defendants, and Nicholas Joseph conspired to violate plaintiff's constitutional rights and her entitlement to equal protection of the laws in violation of 42 U.S.C. §§ 1983 and 1985. Fourth, plaintiff alleges that the same defendants, by their actions, neglected to prevent the § 1985 conspiracy in violation of 42 U.S.C. § 1986.

Plaintiff alleges three separate state law causes of action against certain defendants. First, plaintiff brings a negligence claim against Nicholas Joseph, the driver of the truck which struck Alexis J. Sharp's vehicle on June 7, 2008. Second, plaintiff alleges a negligence claim against David Joseph, the owner of the truck driven by Nicholas Joseph on June 7, 2008. Third, plaintiff alleges a negligent hiring/retention/supervision claim against the Town, the Town of Greece Police Department, and the Police defendants for employing Nicholas Joseph, when they knew or should have known about his dangerous propensities.

Before the Court are defendants' motions pursuant to Rule 12(b)(6) to dismiss all federal claims, and to dismiss plaintiff's state law claims for lack of jurisdiction.[1]

## BACKGROUND

The Complaint alleges the following facts, which are assumed to be true for purposes of motions brought pursuant to Rule 12(b)(6). See Bell Atlantic Co. v. Twombley, 550 U.S. 544 (2007). On June 7, 2008, Alexis J. Sharp, driving northbound on Interstate 390 within the Town of Greece, experienced car trouble and pulled her automobile off to the side of the road. Nicholas Joseph, driving alone in an automobile owned by his brother David Joseph, while under the influence of drugs and alcohol, struck the rear of Ms. Sharp's stopped vehicle. Ms. Sharp was then 25 weeks pregnant and, according to the Complaint, the accident caused the premature birth of and injuries to her child, A.G. Nicholas Joseph, an off-duty police officer for the Town of Greece Police Department at the time of the accident, fled the scene without making his identity known.

The Complaint alleges that prior to this accident, "Sergeant Nicholas Joseph had a record of reckless behavior." In December 2003, he had been arrested for trespassing. Although he was a police officer on probationary status with the Town of Greece

---

[1] David Joseph's request is set forth in his Answer, which also alleges a First Affirmative Defense that plaintiff fails to state a claim for which relief may be granted.

4

Police Department at that time, he was not disciplined for that incident. Also, one month before the automobile accident identified in this Complaint, Nicholas Joseph's truck reportedly was seen being operated recklessly, but again the Town and Police defendants took no action against him. Also, when Nicholas Joseph was a member of the Rochester Police Department, he allegedly provided false information in support of an application for a search warrant, which the Town and Police defendants knew or should have known and failed to consider in deciding whether to hire him. According to the Complaint, additional incidents of misbehavior by Nicholas Joseph were contained in the Town of Greece Police Department's records, which the Police defendants allegedly destroyed after his accident with Ms. Sharp's vehicle.

After the accident, defendant Police Chief Merritt Rahn allegedly ordered that no internal investigation be conducted of Nicholas Joseph. Rahn did not require Nicholas Joseph to report to the Police Department headquarters, but told him to provide a statement when he remembered where and how the accident occurred. Police defendants also allegedly provided incorrect information concerning the accident to the Monroe County District Attorney's Office in an attempt to influence the decision of whether to charge Nicholas Joseph. Defendants Rahn and Elmore agreed not to inform the Criminal Investigation Division of the accident, which would ordinarily require taking a statement from Nicholas Joseph.

The Town of Greece Police Department, Rahn, and Schamerhorn allegedly agreed to change the accident report to favor Nicholas Joseph's conduct and avoid legal sanction. The Town of Greece Police Department and the Police defendants allegedly shredded documents related to the accident and Nicholas Joseph's reckless background. Further alleged obstruction included failure by the Town of Greece Police Department and Police defendants to gather critical evidence of the vehicles at the accident scene, failure to take photographs of the scene and the vehicles, and failure to impound the vehicle driven by Nicholas Joseph.

Despite the alleged cover-up of the events surrounding the accident, Nicholas Joseph was criminally charged, and convicted of Aggravated Vehicular Assault; Assault in the Second Degree; Leaving the Scene of Personal Injury Accident; Driving While Ability Impaired by the Combined Influence of Drugs and/or Alcohol; Criminal Possession of a Controlled Substance; and Perjury in the First Degree.

<u>FEDERAL CAUSES OF ACTION</u>

Plaintiff alleges four federal claims and three state law claims against certain defendants. First, plaintiff alleges under the "State-Created Danger Doctrine" that the Town, the Town of Greece Police Department, and Police defendants, through their actual and constructive knowledge of Nicholas Joseph's reckless past, their refusal to discipline him, and their actions to aid

him in avoiding legal sanction, permitted him to continue his dangerous propensities which caused harm to the plaintiff. Second, the plaintiff claims that through their illegal cover-up of Nicholas Joseph's background and his behavior at the accident, the Town of Greece Police Department and the Police defendants deprived plaintiff of access to the courts in violation of the Due Process Clause of the Fourteenth Amendment thus preventing her from proving the full extent of her damages and her entitlement to punitive damages. Third, plaintiff contends that the Town, the Town of Greece Police Department, Police defendants, and Nicholas Joseph violated 42 U.S.C. §§ 1983 and 1985 by conspiring to deny plaintiff her right of access to the courts and also deny her the right to be free from a state-created danger. Fourth, plaintiff alleges that the same defendants violated 42 U.S.C. § 1986 when, with knowledge of the § 1985 violation, they failed to prevent the commission of the conspiracy when it was within their power to do so.

NEW YORK STATE CAUSES OF ACTION

With respect to the state law claims, the plaintiff alleges a claim of negligence against Nicholas Joseph for his negligent operation of his brother's vehicle on June 7, 2008. The second state claim is against Nicholas Joseph's brother, David Joseph, the registered owner of the vehicle, on the theory of vicarious liability for the negligence of Nicholas Joseph. Finally,

plaintiff alleges that the Town, the Town of Greece Police Department, and the Police defendants were negligent in hiring, retaining, and failing to supervise and discipline Nicholas Joseph knowing of his dangerous propensities, which ultimately caused injuries to plaintiff.

All defendants except David Joseph move to dismiss the Complaint for failure to state a claim. David Joseph has answered the Complaint, admitting that he owned the vehicle driven by his brother and involved in the accident, but denies all other material allegations and requests this court to dismiss the Complaint.

## DISCUSSION

### I.   Motion to Dismiss Federal Causes of Action

In deciding a motion to dismiss a Complaint under Rule 12(b)(6), a court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, [the] "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); Johnson v. Rowley, 569 F.3d 40, 43-44 (2d Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks omitted); see also Iqbal, 129 S.Ct. at 1949 ("Legal conclusions" need not be accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice") (citation omitted). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1949. Thus, "at a bare minimum, the operative standard requires the plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir. 2008) (internal quotation marks omitted).

## A. Claims Against the Town of Greece Police Department

Before reaching the merits of this case, this Court must consider whether the Town of Greece Police Department may be sued. "It is well settled that, under New York law, 'departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot

sue or be sued.'" <u>Pierce v. Chautauqua County</u>, 2007 WL 2902954, 3 (W.D.N.Y.,2007) (<u>quoting</u> <u>Caidor v. M & T Bank</u>, 2006 WL 839547, at *2 (N.D.N.Y. 2006)). Because the Town of Greece Police Department does not exist apart from the Town, it cannot remain as a viable defendant in this case. Therefore, I dismiss the Town of Greece Police Department from this lawsuit.

**B.   State-Created Danger**

The Due Process Clause of the Fourteenth Amendment provides that the state shall not deprive "any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend XIV. This clause has been interpreted to protect "an individual's right to bodily integrity free from unjustifiable governmental interference." <u>Lombardi v. Whitman</u>, 485 F.3d 73, 81 (2d Cir. 2007). Where state actors actively facilitate or encourage private actors to inflict harm, courts have held that the victims of such harm can pursue a claim against those state actors based on the state-created danger doctrine. <u>See, e.g.</u>, <u>Pena v. DePrisco</u>, 432 F.3d 98, 112 (2d Cir. 2005); <u>see also</u> <u>Kennedy v. City of Ridgefield</u>, 411 F.3d 1134, 1142 (9th Cir.2005); <u>Vélez-Díaz v. Vega-Irizarry</u>, 421 F.3d 71, 80 (1st Cir. 2005). The conduct in question must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." <u>Pena</u>, 432 F.3d at 112 (internal quotation marks and citation omitted).

Passive conduct or a mere failure to intervene by state actors does not run afoul of the Due Process Clause. <u>See</u> <u>DeShaney v. Winnebago County Dep't of Soc. Servs.</u>, 489 U.S. 189, 202 (1989). "[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." <u>Id.</u> at 197.

The active/passive line can be difficult to discern. The Second Circuit in <u>Pena v. Deprisco</u> analyzed a similar case to the one at bar where a police officer, Grey, engaged in an all-day drinking binge, coming in contact with officers and supervisors throughout the day, before killing three pedestrians in an automobile accident. One set of officers saw Grey visibly intoxicated on the day of the accident, but failed to intervene. This inaction was held not to violate the Due Process Clause. But a second group of officers drank with Grey in the precinct's parking lot, traveled with him to a local bar where they continued to drink excessively for hours, and then asked Grey to drive them back to the precinct. The Second Circuit held that these officers, by their actions, encouraged Grey's behavior, giving "implicit prior assurance to Grey that he could drink and drive with impunity." <u>Pena</u>, 432 F.3d at 109-11. Accordingly, the Court held that the action by the second group of officers constituted a state-created danger.

In _Pena_, the second group of officers fell on the "active" side because state actors conveyed an implicit approval to drink and drive. _Id._ at 110. It was not Grey's reckless past and their knowledge of it that led to the harm suffered by the victims, but rather it was the specific conduct by the state actors in encouraging Grey to drink and drive that led to the private harm. _Id._ Here, contrary to facts set forth in _Pena_, plaintiff's allegations do not amount to the type of conduct that violates the Due Process Clause. Assuming all the allegations of the Complaint to be true, they do not amount to an implicit or explicit approval for Nicholas Joseph to drink and drive. The three reported incidents involve a failure to investigate Joseph's background before hiring him and a failure to discipline him after apparent previous misconduct. The incident where his truck was seen driving erratically most closely resembles the misconduct alleged here. Although that conduct amounts to a failure to reprimand or investigate, unlike the _Pena_ case, nothing suggests that the Town or Police defendants gave any approval to Nicholas Joseph to drink and drive.

In addition, assuming there are other incidents involving Nicholas Joseph similar to those alleged, plaintiff still fails to state a claim in which the Police defendants condoned the conduct in question, i.e. driving under the influence of drugs and alcohol. Plaintiff has not alleged that Nicholas Joseph received,

either explicitly or implicitly, approval to drink and drive with impunity. Allowing this claim to proceed would turn claims of negligent hiring or supervision into claims implicating the Constitution. See Paul v. Davis, 424 U.S. 693, 701 (1976) ("[S]uch a reading would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States"). Accordingly, defendants' motion to dismiss regarding the state-created danger claim is hereby granted as to all defendants.[2]

## C.   Access to the Courts

The Second Cause of Action asserts that the Police defendants "deprived [plaintiff] of her full ability to prove the extent of her damages..." in violation of her right of access to the courts protected by the Due Process Clause.[3] Access to the courts violations occur when state officials cause actual injury to a non-frivolous underlying case. See Christopher v. Harbury, 536 U.S. 403, 413-14 (2002).[4] The Supreme Court notes that the right

---

[2]Without an underlying constitutional violation, I need not address the Town's potential liability under Monell and whether Rahn had final decision-making authority for the Town. See Segal v. City of N.Y., 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under Monell was entirely correct.").

[3]Decisions of the Supreme Court have grounded access to the courts claims in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Equal Protection Clause, as well as the Fifth and Fourteenth Amendment Due Process Clauses. Harbury, 536 U.S. at 415 n.12 (collecting cases).

[4]Two types of access to the courts claims predominate in the case law. The first consists of "forward-looking" access cases, where some "systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." Harbury, 536 U.S. at 413. In those cases, a plaintiff seeks to have the impediment changed, whether it be a prohibitive filing fee or a substandard prison law library. The second set of cases focuses on litigation that "cannot now be tried (or tried with all material evidence)" due to state action. Id. at 414. A plaintiff in these cases, as here, must identify a cause of action or remedy lost because of the state misconduct. Id.

of access to the courts is ancillary to the underlying claim for which the plaintiff seeks redress. Id. The underlying claim must be impaired by the government action, otherwise there is "no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." Id. at 415. "The underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to the defendant." Id. at 416.

The plaintiff claims that the post-accident "cover-up" by Police defendants deprived her of the ability to prove the full extent of her damages, as well as punitive damages. She also claims an inability to defend against the affirmative defenses raised in David Joseph's Answer.[5] The Complaint alleges, among other things, that the Police defendants agreed to impede the investigation of the accident, and shred or otherwise destroy evidence relating to the accident. Plaintiff further alleges that defendants Town of Greece Police Department, Rahn, and Schamerhorn allegedly conspired to change the accident report. Plaintiff alleges that their acts deprived her of the ability to prove the full extent of her damages. The Court finds that such allegations suffice to state a claim for violation of access to the courts.

---

[5]David Joseph's Third Affirmative Defense states that plaintiff's claim for damages should be barred as unreasonable and non-proportional to the injury alleged. A cover-up of the accident, including altering the accident report, may plausibly affect plaintiff's ability to rebut the charges by David Joseph.

See Small v. City of N.Y., 274 F. Supp. 2d 271, 279 (E.D.N.Y. 2003). Plaintiff has identified non-frivolous underlying causes of action (the state law claims against the Joseph Brothers) that were allegedly impaired by the actions of Police defendants. The Police defendants argue that due to the conviction of Nicholas Joseph, an ample body of evidence exists to prove the full value of the claims against him and his brother and, therefore, this claim should be dismissed. At this stage of the litigation, however, such factual averments are not cognizable. See id.

Several defendants contend that plaintiff's access to the courts claim should be dismissed because the Complaint contains both a general allegation that all Police defendants participated in the shredding of evidence and a specific allegation that only four of these defendants did this. See Com. ¶¶ 47, 58. Defendants contend that under Twombly, such contradictory claims are implausible. Defendants' misplace reliance on Twombly's new plausibility standard. Twombly left un-touched the rule that a complaint "does not need detailed factual allegations" to survive a 12(b)(6) motion. See Twombly, 550 U.S. at 555. The new standard does not impose a "probability" requirement on a plaintiff's case. Id. at 556. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. (internal quotation marks omitted). Assuming all allegations

as true, as I must, I find that plaintiff has stated a cause of action for denial of access to the courts.[6]

### D. Conspiracy Claims

Plaintiff's Third Cause of Action claims that the defendants conspired, in violation of §§ 1983 and 1985, to violate her constitutional rights. The Fourth Cause of Action asserts a conspiracy claim under § 1986. I will discuss each in turn.

### 1. § 1983 Conspiracy Claim

To state a conspiracy claim under § 1983, plaintiff must allege "(1) an agreement between two or more State actors or between a State actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). Vague assertions that defendants conspired to violate one's constitutional rights will not suffice; such assertions must be "amplified by specific instances of misconduct." Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002). Moreover, where the alleged conspirators all consist of employees, officers, or agents of one corporation, the "intracorporate conspiracy" doctrine bars such claims. See Perrin v. Canandaigua City School Dist., 2008 WL 5054241, at *2 (W.D.N.Y. 2008) (citing Hartline v. Gallo, 2006 WL 2850609, at *9 (E.D.N.Y. 2006), aff'd in pert. part, 546 F.3d 95

---

[6] Although mentioned briefly, the issue of qualified immunity has not been adequately addressed by the parties. Accordingly, it would be not be proper for this Court to address it at this time.

(2d Cir. 2008)). An exception to this doctrine exists where the intracorporate actors allegedly have motives independent from the corporation.

The § 1983 conspiracy claim against Nicholas Joseph must be dismissed. The allegations that might establish conspiracy, the agreement to cover-up the accident, do not include Nicholas Joseph. Alleging simply that Joseph "took action pursuant to an agreement" is the type of vague assertion that cannot survive a motion to dismiss. See Com., ¶ 64. Even a liberal construction of the Complaint cannot make Nicholas Joseph a co-conspirator. In addition, the intracorporate conspiracy doctrine prevents claims against Police defendants. All are members of the Town of Greece Police Department. The Complaint contains no allegations that Police defendants had independent motives. See Com., ¶¶ 64-67.

## 2. § 1985 Conspiracy Claim

Section § 1985 prevents conspiracies directed at denying certain classes of people equal rights. See United Broth. of Carpenters & Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 835 (1983) ("'The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all.'" quoting Griffin

v. Breckenridge, 403 U.S. 88, 102 (1971)). Because there is no allegation that the actions of Police defendants were based on plaintiff's membership in a protected class, this claim must be dismissed as failing to state a cause of action as to all defendants.

### 3. § 1986 Claim - "Action for Neglect to Prevent Conspiracy"

Plaintiff's Fourth Cause of Action alleges that Police defendants and Nicholas Joseph neglected to prevent the § 1985 conspiracy. As discussed above, a § 1985 conspiracy claim requires that the plaintiff allege a "class-based, invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 96-103 (1971); see also Hahn v. Sargent, 523 F.2d 461, 469 (1st Cir. 1975); Brawer v. Horowitz, 535 F.2d 830, 389-41 (3d Cir. 1976). Here, since there is no allegation of a class-based animus on the part of the defendants, there is no legal basis to support a § 1985 conspiracy claim, and therefore, the Fourth Cause of Action is dismissed. See § 1986; Dacey v. Dorsey, 568 F.2d 275, 277 (2d Cir. 1978).

### II. State Law Claims

28 U.S.C. § 1367 provides that district courts may exercise supplemental jurisdiction over state claims that are so related to the federal claims in the complaint "that they form part of the same claim or controversy." § 1367(a). State law claims fit this description when they "arise out of the same nucleus of operative

18

fact." <u>Cannon v. Kelly</u>, 2009 WL 1158695, at *2 (W.D.N.Y. 2009). Federal courts may decline supplemental jurisdiction if a state claim raises a novel or complex issue of state law, or it substantially predominates over the federal claims, or the district court has dismissed all claims over which it has federal jurisdiction or there are other compelling reasons for declining jurisdiction. <u>See</u> § 1367(c).

In order for plaintiff to prevail on her federal denial of access to the courts claim alleged in the Second Cause of Action in the Complaint, she must eventually prove facts showing (1) actual injury (2) to an underlying non-frivolous claim. In the present case, plaintiff's underlying claims consist of negligence claims against the Joseph Brothers. To prove her access to the courts claim, plaintiff must demonstrate that Police defendants' actions deprived her of a remedy in her negligence claims. Therefore, what transpired on June 7, 2008, when the vehicles collided, as well as the conduct of the Joseph Brothers and how the actions of Police defendants caused plaintiff injury in the form of a lost remedy or diminished damages share a common nucleus of operative fact.

The state law claim for negligent supervision or hiring or retention[7] of the defendant Nicholas Joseph differs from both the

---

[7]Notably, claims for negligent supervision doe not require the employee act within the scope of his employment. <u>See</u> 1B N.Y. PJI 2:240-Derivative Responsibility-Negligent Hiring or Retention of an Employee (3d ed. 2010). In fact, a finding that the actor acted within the scope of his employment would preclude such a claim and instead make the employer liable on an alternative theory of respondeat superior. <u>See</u> <u>Passucci v. Home Depot, Inc.</u>, 67 A.D.3d 1470, 1472, ( N.Y. App. Div. 2009).

access to the courts and negligence claims. This claim will require a showing that Police defendants were on notice of the "relevant tortious propensities of the wrongdoing employee." <u>Gomez v. City N.Y.</u>, 304 A.D.2d 374, 374 (N.Y. App. Div. 2003). There are allegations in the Complaint that Police defendants shredded evidence of Nicholas Joseph's reckless past. His past conduct may serve as a basis for punitive damages. <u>See</u> <u>Randi A.J. v. Long Island Surgi-Center</u>, 46 A.D.3d 74, 86 (N.Y. App. Div. 2007).[8] Proof of the full extent of plaintiff's injuries, her underlying claim of the access to the courts claim, necessarily involves inquiry into what Police defendants knew and when they knew it and how it affected their actions in investigating the accident. In addition, this claim cannot accrue unless the negligence proximately caused Nicholas Joseph's actions on June 7, 2008. Therefore, the evidence regarding the accident and its investigation overlaps with the proof necessary for the access to the courts claim. At this stage, this state claim sufficiently relates to the federal access to the courts claim to satisfy exercise of federal supplemental jurisdiction. Therefore, I deny defendants' motion to dismiss the state law claims.

---

[8]In New York punitive damages may not be alleged by a plaintiff against the State and its political subdivisions, i.e. municipalities such as the Town. <u>See</u> <u>Sharapata v. Town of Islip</u>, 82 A.D.2d 350, 362 (2d Dept. 1981).

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is denied in part and granted in part as follows:

### Federal Causes of Action

(1)  Plaintiff's First Cause of Action (State-Created Danger - Violation of Substantive Due Process) is dismissed without prejudice in favor of all defendants and accordingly the motion to dismiss this claim is granted;

(2)  Plaintiff's Second Cause of Action (Denial of Access to the Courts - Violation of Due Process) remains against the Police defendants and accordingly the motion to dismiss this claim is denied;

(3)  Plaintiff's Third Cause of Action (Conspiracy in violation of § 1983 and § 1985) is dismissed without prejudice in favor of all defendants and accordingly the motion to dismiss this claim is granted;

(4)  Plaintiff's Fourth Cause of Action (Action for Neglect to Prevent Conspiracy in violation of § 1986) is dismissed without prejudice in favor of all defendants and accordingly the motion to dismiss this claim is granted;

<u>State Law Causes of Action</u>

(1)  Plaintiffs First Cause of Action (Negligence Against Nicholas Joseph) remains against Nicholas Joseph and accordingly the motion to dismiss this claim is denied;

(2)  Plaintiff's Second Cause of Action (Negligence Against David Joseph) remains against David Joseph and accordingly the motion to dismiss this claim is denied;

(3)  Plaintiff's Third Cause of Action (Negligent Hiring/Retention/Supervision) remains against the Town and the Police defendants and, accordingly, the motion to dismiss this claim is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

    s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          May 3, 2010