**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

ROBIN SHARP as Guardian Ad Litem,
For A.G., an Infant,

        Plaintiff(s),                      ORDER
     v.                                      09-CV-6452

TOWN OF GREECE, TOWN OF GREECE
POLICE DEPARTMENT, MERRITT RAHN,
WILLIAM MACKIN, BRIAN BALL, STEPHEN
WISE, ROBERT TROWBRIDGE, ANDREW
ELMORE, BRIAN WHITE, THOMAS
SCHAMERHORN, GARY PIGNATO, NICHOLAS
JOSEPH and DAVID JOSEPH,

        Defendant(s).

_____

    On October 14, 2011, this Court heard oral argument on several motions filed by the parties, including motions filed by plaintiff seeking to compel production of personnel files, disciplinary files and other employment related materials regarding the defendants. After considering the arguments of counsel, the Court found such records to be relevant or potentially relevant to plaintiff's remaining causes of action. The parties agreed that an *in camera* inspection of the documents was necessary to effectuate the Court's ruling. Because of the volume of records at issue, the Court suggested and the parties agreed to the use of a Special Master to conduct the initial *in camera* review of the potentially relevant records. The parties subsequently contacted the Court to disclose that they had stipulated and agreed to the appointment of Richard D. Rosenbloom, Esq. as the Special Master. Based on the foregoing, it is

**ORDERED** that Richard D. Rosenbloom, Esq. is appointed Special Master pursuant to Rule 53(a)(1)(A) and (C) of the Federal Rules of Civil Procedure.  The parties have contacted the Special Master and have agreed to compensate him for his services at an hourly rate that has been agreed to and in allocated shares that have also been agreed to by counsel for the parties.  Counsel shall confirm their compensation agreement with the Special Master in writing within five (5) business days after entry of this Order.  Such compensation shall be made to the Special Master after completion of his duties and within thirty (30) days of the Special Master providing an itemized bill for fees to counsel; and it is further

**ORDERED** that the Special Master and all counsel shall review Rule 53 of the Federal Rules of Civil Procedure and comply with the substantive and procedural requirements of the Rule.  Pursuant to Rule 53(b)(3), the Special Master shall file an affidavit disclosing any grounds for disqualification.  Pursuant to Rule 53(b)(2)(B), the Special Master may request permission of the parties to engage in *ex parte* communications with the Court if needed, but such communications may not occur unless all counsel have agreed in advance of such communication; and it is further

**ORDERED** that the parties shall provide the Special Master with (1) a copy of the motion papers which were filed with the Court in connection with the motion argument heard on October 14, 2011, (2) a copy of Judge Telesca's Decision and Order dated May 3, 2010

(Docket # 48), (3) a copy of the transcript of proceedings before this Court on October 14, 2011 and (4) "Bates stamped" copies of all documents subject to *in camera* review.  The parties may also provide the Special Master with a memorandum or brief of no more than five double spaced pages setting forth factual arguments in support of their position as to the potential relevancy of the documents submitted for *in camera* inspection.  If the Special Master, after reviewing the documents disclosed pursuant to this Order, has questions or concerns about his duties or the scope of the review to be conducted, the Special Master may correspond directly with the Court with copies of such correspondence sent to all counsel.  Any reply by the Court to such correspondence received from the Special Master will also be provided to all counsel; and it is further

**ORDERED** that within sixty (60) days of receiving all submissions required by this Order, the Special Master shall issue a Report and Recommendation to the Court as to which documents should be disclosed.  This time period may be extended by the agreement of the Special Master and all counsel or by the Court upon written application of the Special Master; and it is further

**ORDERED** that the Report and Recommendation of the Special Master shall list (in either its body or an attachment) the Bates stamped numbers of the documents or pages of documents that the Special Master recommends to be disclosed.  If the Special Master

recommends that documents or pages of documents be disclosed with redactions, the redactions shall either be described or a copy of the redacted document provided to the Court for review. The Special Master shall preserve all records and documents submitted to him for *in camera* review as well as any written communications with the parties and counsel; and it is further

**ORDERED** that in performing his review of the documents submitted for *in camera* inspection, the Special Master shall review and be guided by federal case law interpreting the scope of discovery of a defendant's employment and disciplinary records in federal civil rights cases as well as case law considering the applicability of New York Civil Rights Law § 50-a in deciding whether disclosure is appropriate. See, e.g., Levy v. City of Buffalo, 09-CV-720A (W.D.N.Y. Oct. 31, 2011)(copy provided); Morales v. Town of Glastonbury, No. 3:09cv713 (JCH), 2011 WL 3490080 (D. Conn. Aug. 10, 2011)(copy provided); Cox v. McClellan, 174 F.R.D. 32 (W.D.N.Y. 1997); King v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988); and it is further

**ORDERED** that review and objections to the Report and Recommendation of the Special Master, if any, shall be governed by the process and time requirements set forth in Rule 53(f) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that appointment of the Special Master as set forth herein resolves defendants Gary Pignato, Nicholas Joseph and

Merritt Rahn's motions for Protective Orders and to Quash (Dockets ## 66, 68, 69); and it is further

**ORDERED** that plaintiff's cross-motion to amend/correct Complaint (Docket # 73) is **granted**; and it is further

**ORDERED** that plaintiff's cross-motion to compel fourteen depositions (Docket # 73) is **granted**; and it is further

**ORDERED** that plaintiff's cross-motion to amend the Scheduling Order (Docket # 73) is **denied as moot**; and it is further

**ORDERED** that plaintiff's cross-motion to compel deposition testimony (Docket # 73) is **denied without prejudice.**

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: November 4, 2011
Rochester, New York